IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUATECH INTERNATIONAL CORPORATION and DEBASISH MUKHOPADHYAY, <br><br> Plaintiffs, <br><br> v. <br><br> N.A. WATER SYSTEMS, LLC and VEOLIA WATER SOLUTIONS AND TECHNOLOGIES SUPPORT, <br><br> Defendants. | Civil Action No.: 2:12-cv-00435 <br><br> Judge Joy Flowers Conti |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
<u>SECOND AMENDED COMPLAINT</u>**

I.  <u>INTRODUCTION</u>

Plaintiffs' Second Amended Complaint sets forth the same averments as its two previously-dismissed complaints and adds claims regarding a process Aquatech proposed for sale to Kiewit Power (for the Pio Pico Energy Project), and a claim for tortious interference. This complaint should be dismissed with prejudice. Defendants have provided plaintiffs with a covenant not to sue that renders moot any claim asserted by Mr. Mukhopadhyay or his unnamed licensees. Defendants have provided plaintiffs with covenants not to sue regarding every process identified by Aquatech. As a result, plaintiffs do not state a claim that gives rise to jurisdiction under the Declaratory Judgment Act. Plaintiffs' new claim for tortious interference should be dismissed because it is time-barred.

II.  <u>ARGUMENT</u>

A.  Standard

To establish jurisdiction pursuant to the Declaratory Judgment Act, the plaintiff must, through "the facts alleged, under all the circumstances, show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  The controversy must be "definite and concrete," "real and substantial," and permit "a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*.  Therefore, at an "absolute minimum," the declaratory judgment plaintiff must satisfy the overlapping doctrines of "standing, ripeness, and a lack of mootness." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008).  It is the *reality* of the threat of injury that is relevant to the standing inquiry. *Prasco*, 537 F.3d at 1338 (quoting *City of L.A. v. Lyons*, 461 U.S. 95 (1983)).  If an actual case or controversy does not exist, this Court does not have jurisdiction to hear the Aquatech Parties' claims.

  B. This Court Does Not Have Jurisdiction to Hear Claims Asserted By Either Mr. Mukhopadhyay or His Unnamed Licensees

Defendants have provided Mr. Mukhopadhyay a covenant not to sue that covers any process "described in the HERO Patents or covered by the claims in the HERO Patents." This is the covenant that plaintiffs' counsel insisted would be necessary to protect Mr. Mukhopadhyay and his licensees from the alleged "threat" of infringement claims.  Accordingly, any claim that Mr. Mukhopadhyay or his licensees might assert has been rendered moot.[1]   Nor

---

[1] *See* Transcript of Motion to Dismiss Proceedings on Wednesday February 13, 2013  at 50:17-23 ("After [Defendants file an amended covenant not to sue], we'll know what the resolution is on the covenant, which may or may not knock Mr. Deb out of the case, because my preliminary ruling would be that if that covered language is in there to be sufficient to show that this HERO patent is not going to be attacked, it's only these add-ons that are not covered by the patent, then Mr. Deb, I don't think, has an issue here.")  Excerpts of the Transcript are attached hereto as Exhibit B.

does Mr. Mukhopadhyay have standing[2] to assert claims on behalf of unnamed licensees who purportedly offered processes for sale that go beyond the claims of the HERO Patents.[3]

### C. This Court Does Not Have Jurisdiction to Hear Aquatech's Declaratory Judgment Claims

Aquatech seeks a declaration of non-infringement regarding two processes it offered for sale that it contends go beyond the claims of the HERO Patents. Defendants have provided covenants not to sue for each of these processes.[4] In light of these covenants, this Court does not have jurisdiction to hear Aquatech's claims. *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (where a party who executes a covenant not to sue it is estopped from initiating litigation related to the subject of the covenant, thereby removing "from the field any controversy sufficiently actual to confer jurisdiction" over the matter); *accord Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1299-1300 (Fed. Cir. 2009).

### D. Defendants Deny Ever Threatening Infringement Litigation

Even if his Court had jurisdiction to hear plaintiffs' Declaratory Judgment Action (which defendants dispute for all the reasons set forth above), the appropriate next step would be for the Court to hold an evidentiary hearing on whether defendants made the threats that plaintiffs' allege – allegations that defendants specifically deny. *See* Brief in Support of Motion to Dismiss, Section II.B. Docket No. 8, which defendants incorporate by reference.

---

[2] *See* Transcript at 50:24-51:2 (the Court stating that the "licensees may want to do additional things, but then it's up to the licensee to deal with that….")

[3] Moreover, these undefined proposals are described in terms that are far too vague and general (*see* Second Amended Complaint, ¶ 43) to permit this Court to enter a declaration of non-infringement. *See* Brief in Support of Motion to Dismiss Amended Complaint, Section II.D. Docket No. 22, which is incorporated herein by reference.

[4] The Covenant Not to Sue for the proposed Bechtel process is attached to Docket No. 22; the covenant for the proposed Pio Pico process is attached hereto as Exhibit A.

E. Plaintiffs' Tortious Interference Claim Must be Dismissed

The Second Amended Complaint adds a new claim – Count IV – for tortious interference. Aquatech alleges:

> At the September 1, 2010 meeting Aquatech had with Bechtel representatives, Aquatech learned that Defendant NAWS' representative Mark Boone had stated in substance to Bechtel that 'Bechtel should be careful if Bechtel planned to seriously consider Aquatech's proposal as the proposed HERO® process would infringe on their patents.'

Second Amended Complaint ¶ 29. This claim is time-barred. The statute of limitations for tortious interference with prospective economic advantage is two years. *Gabe Staino Motors, Inc. v. Volkswagen of Am., Inc.*, No. 99-5034, 2003 U.S. Dist. LEXIS 21092, at *23 (E.D. Pa. Nov. 14, 2003); *see also* 42 Pa. C.S.A. § 5524(7). Here, Aquatech asserts NAWS allegedly allegedly interfered with Aquatech's prospective economic opportunity at some point before Aquatech's September 1, 2010 meeting with Bechtel. *See* Second Amended Complaint, ¶ 43. The limitations period for Aquatech's tortious interference claim therefore expired on September 1, 2012. Accordingly, Count IV is time-barred, and must be dismissed. *See Shanefelter v. U.S. Steel Corp.*, 785 F. Supp. 2d. 550, 554 (W.D. Pa. 2011) ("A complaint properly may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on statute of limitations grounds so long as the untimeliness of the complaint can be gleaned from its face").

Moreover, even Count IV was not time-barred, it should be dismissed because the claims over which this Court had original jurisdiction have been dismissed. *West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of

comity and to promote justice between the parties … Certainly, if the federal claims are dismissed before trial … the state claims should be dismissed as well."); *Arneault v. O'Toole*, 864. F. Supp. 2d 361, 409-10 (W.D. Pa. 2012) (declining "to exercise supplemental jurisdiction over the remaining state law claims" after dismissing plaintiffs' federal claims); 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction" if "all claims over which [the court] had original jurisdiction" have been dismissed).

III.  <u>CONCLUSION</u>

Plaintiffs have now filed three complaints seeking to commence a Declaratory Judgment Action. Defendants have provided plaintiffs four covenants not to sue, making clear that there is no case or controversy giving rise to jurisdiction under the Declaratory Judgment Act. Defendants respectfully request that this Court dismiss with prejudice the Plaintiffs' Second Amended Complaint.

DATED:  April 5, 2013                                Respectfully submitted,

*/s/ James W. Pfeifer*
Andrew K. Fletcher (PA ID No. 75544)
James W. Pfeifer (PA ID No. 207036)
PEPPER HAMILTON LLP
One Mellon Center
500 Grant Street, 50th Floor
Pittsburgh, PA  15219
Telephone:  (412) 454-5000
fletchea@pepperlaw.com
pfeiferj@pepperlaw.com

Larry L. Coats, Esquire
COATS & BENNETT PLLC
1400 Crescent Green, Suite 300
Cary, NC  27518
Telephone:  (919) 854-1844
lcoats@coatsandbennett.com

*Counsel for Defendants N.A. Water Systems, LLC and Veolia Water Solutions and Technologies Support*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2013 the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** was served via was served via the Court's electronic filing system upon the following:

Frank Frisenda
Frisenda, Quinton & Nicholson
11601 Wilshire Boulevard
Los Angeles, CA 90025
frankfrisenda@aol.com

Kevin D. Gillespie
Boswell Tintner & Piccola
315 North Front Street
Post Office Box 741
Harrisburg, PA 17108-0741
kgillespie@btpalaw.com

*/s/ James W. Pfeifer*
James W. Pfeifer